IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEREK A. SASVELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:24-cv-02258 |
| vs. | ) | |
| | ) | The Honorable _____ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Derek A. Sasveld, by and through undersigned counsel, in Complaint against Defendant, the United States of America (the United States or the government), alleges and states the following:

**Preliminary Statement**

1.  This Complaint asserts a claim under 26 U.S.C. § 7422 for refund of monies the United States collected from Plaintiff in excess of his actual liability for federal income taxes for Plaintiff's taxable years ended December 31, 2003, December 31, 2005, December 31, 2006, December 31, 2007, and December 31, 2008 (together, the Issue Years). Plaintiff seeks an order directing Defendant to refund his tax overpayments of $4,990.14, $22,148.50, $50,644.65, $535,073.11, and $239,778.97, respectively, for the Issue Years, plus all legally cognizable pre- and post-judgment interest, and attorneys' fees under 26 U.S.C. § 7430. Plaintiff timely perfected his administrative claims for refund by filing Amended U.S. Individual Income Tax Returns on Forms 1040X with the Internal Revenue Service (IRS or the Service) for each of the Issue Years, along with a detailed statement setting forth the grounds for such refund (collectively, the

1

Perfected Administrative Claim for Refund), on May 1, 2023. The IRS did not render a decision on the Perfected Administrative Claim for Refund within six (6) months of the filing thereof.

### The Parties

2. Plaintiff, Derek A. Sasveld, is an individual whose address is 3180 N. Lake Shore Drive, Apt. 23H, Chicago, Illinois 60657.

3. Defendant, the United States, acting through its Department of Treasury and the IRS, failed to render a decision on Plaintiff's Perfected Administrative Claim for Refund, and is the proper party in interest for this action.

### Jurisdiction and Venue

4. This Court's jurisdiction is invoked under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. §§ 6511, 6532(a), 7402, and 7422(a).

5. Venue is proper in this Court under 28 U.S.C. § 1391, because Plaintiff resides in the Northern District of Illinois, and Defendant's Department of Treasury and IRS have offices in the district.

### General Allegations

6. By this reference, paragraphs 1-5, above, are incorporated and set forth here.

7. This action arises under the laws of the Internal Revenue Code of 1986, as amended (IRC), codified at 26 U.S.C., from the IRS's failure to timely render a decision on Plaintiff's Perfected Administrative Claim for Refund for the Issue Years.

8. Plaintiff's overpayment for the Issue Years arose out of a notice of levy that the IRS issued on November 19, 2012, to UBS Financial Services Inc., a financial institution at which Plaintiff maintained a brokerage account. In that notice of levy, the IRS announced its

intention to attach a sum of $1,096,687.37 from Plaintiff's funds maintained in his brokerage account at UBS Financial Services Inc. According to the notice of levy, this sum represented the aggregate amount due and outstanding for the Issue Years, as of December 19, 2012, including total additional tax due of $1,026,317.96 and so-called statutory additions totaling $70,369.41, as follows:

| Year | Additional Tax Due | Statutory Additions | Total |
|---|---|---|---|
| 2003 | $6,319.98 | $695.16 | $7,015.14 |
| 2005 | $37,815.81 | $4,935.69 | $42,751.50 |
| 2006 | $90,730.21 | $11,497.44 | $102,227.65 |
| 2007 | $647,383.81 | $29,701.30 | $677,085.11 |
| 2008 | $244,068.15 | $23,539.82 | $267,607.97 |
| Total | $1,026,317.96 | $70,369.41 | $1,096,687.37 |

9. Pursuant to this notice of levy, the IRS did levy and collect from Plaintiff the entire sum of $1,096,687.37 in satisfaction of all amounts the Service claimed were due and outstanding as of December 19, 2012.

10. In December 2012, Plaintiff self-prepared and mailed to the IRS, U.S. Individual Income Tax Returns on Forms 1040 for each of the Issue Years, which showed an aggregate amount of additional tax due of only $267,808.75, as follows:

| Year | Additional Tax Due (Refund Owed) |
|---|---|
| 2003 | ($1,467.75) |
| 2005 | $13,999.99 |
| 2006 | $27,750.31 |
| 2007 | $177,320.38 |
| 2008 | $50,205.82 |
| Total | $267,808.75 |

11. Based on the self-prepared returns for the Issue Years, the IRS had vastly over-collected from Plaintiff. The total collection of $1,096,687.37 exceeded the aggregate amount of additional tax due of $267,808.75 shown on the self-prepared returns by $828,878.87. Even after subtracting the total statutory additions of $70,369.41 shown on the notice of levy, the excess collection amounted to $758,509.46.

12. Along with the self-prepared returns for the Issue Years, Plaintiff sent a cover letter demanding a reconciliation of the amounts shown on them with the respective amounts shown on the notice of levy and demanded a repayment of any and all excess amounts collected pursuant to that notice of levy. Those self-prepared returns accompanied by the cover letter constituted an informal claim for refund for each of the Issue Years. The IRS received that informal claim for refund on January 3, 2013, less than a month after collecting the payment of $1,096,687.37 from Plaintiff by levying on his funds.

13. The IRS never responded to Plaintiff's informal claim for refund for the Issue Years.

14. In 2023, Plaintiff had Amended U.S. Individual Income Tax Returns on Forms 1040X professionally prepared for each of the Issue Years, which showed an even higher amount of over-collection by the IRS. Based on those professionally prepared amended returns, the Perfected Administrative Claim for Refund demanded a refund of a total overpayment of $852,635.37 for the Issue Years, as follows:

4

| Year | Tax Shown on Amended Return | Tax Previously Withheld or Paid | Tax Paid By Levy | Total Payments | Refund Claimed on Amended Return | Total Refund Claimed |
|---|---|---|---|---|---|---|
| 2003 | $40,512.00 | $38,487.00 | $7,015.14 | $45,502.14 | $3,522.00 | $4,990.14 |
| 2005 | $104,437.00 | $83,834.00 | $42,751.50 | $126,585.50 | $22,148.50 | $22,148.50 |
| 2006 | $199,493.00 | $147,910.00 | $102,227.65 | $250,137.65 | $50,644.65 | $50,644.65 |
| 2007 | $588,707.00 | $446,695.00 | $677,085.11 | $1,123,780.11 | $535,073.11 | $535,073.11 |
| 2008 | $159,275.00 | $131,446.00 | $267,607.97 | $399,053.97 | $239,778.97 | $239,778.97 |
| Total | | | | | | $852,635.37 |

**Claim for Refund**
**(26 U.S.C. §§ 6511, 7422)**

15. By this reference, paragraphs 1-14, above, are incorporated and set forth here.

16. Plaintiff properly and timely filed his informal claim for refund and the Perfected Administrative Claim for Refund for each of the Issue Years within the periods prescribed in 26 U.S.C § 6511, thereby satisfying the requirements of 26 U.S.C § 7422(a). Further, as required by 26 U.S.C. § 6532(a), more than six (6) months have passed since Plaintiff filed the Perfected Administrative Claim for Refund without the IRS rendering a decision on it.

17. Plaintiff is owed a refund by Defendant of $852,635.37 of overpayment for the Issue Years collected by Defendant by levying on Plaintiff's funds in December 2012, along with all legally cognizable pre- and post-judgment interest, including, without limitation, overpayment interest under 26 U.S.C § 6621.

**Claim for Attorneys' Fees and Administrative Costs**
**(26 U.S.C. § 7430)**

18. By this reference, paragraphs 1-17, above, are incorporated and set forth here.

19. The IRS has never rendered a decision on Plaintiff's informal claim for refund and the Perfected Administrative Claim for Refund for any of the Issue Years, thus denying Plaintiff the opportunity to file a protest, but Plaintiff has otherwise exhausted his administrative remedies.

**Prayer for Relief**

20. WHEREFORE, Plaintiff prays that this Court enter judgment in his favor, against Defendant, ordering Defendant to refund $852,635.37, plus all legally cognizable pre- and post-judgment interest, to Plaintiff, award Plaintiff his reasonable attorneys' fees and costs incurred, and effect such other and further relief as this Court deems just and proper.

21. PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL TRIABLE ISSUES.

Respectfully submitted,

March 19, 2024

/s/Guinevere M. Moore
Guinevere M. Moore
MOORE TAX LAW GROUP LLC
2205 W. Armitage Ave., Suite 1
Chicago, Illinois 60657
Telephone: 312-549-9990
guinevere.moore@mooretaxlawgroup.com

*Counsel for Plaintiff Derek A. Sasveld*